## El Pueblo v. Padró Et Al.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 18.—Resuelto en Junio 27, 1903.

Delitos Felonies—Apelación.—Cuando un acusado sea condenado á la pena de multa, *y subsidiariamente*, en defecto del pago de la misma, *á pena de presidio*, el delito debe reputarse *felony*, y la sentencia que castigue su comisión es, por tanto, apelable para ante el Tribunal Supremo.

### EXPOSICIÓN DEL CASO.

Vista esta causa procedente del Tribunal de Mayagüez y seguida entre el Pueblo de Puerto Rico é Isaac Padró y Felipe Reyes, acusados por delito contra el derecho electoral.

*Resultando:* que formulada por el Fiscal acusación jurada contra los indicados individuos y celebrado el acto de ARRAIGMENT, éstos se declararon no culpables del delito que se les imputa; pero solicitaron ser juzgados por Jurado y provisto de conformidad se celebró el juicio, prévio los trámites legales, y en 24 de Abril último se pronunció el siguiente veredicto "Nosotros los del Jurado y en representación de todos el Presidente que suscribe, encontramos á los acusados culpables y suplicamos á este Tribunal que tenga benignidad":

*Resultando:* que en el acto del juicio quedó probado, según la sentencia, que el día 15 de Octubre del próximo pasado año, Isaac Padró, Felipe Reyes y Serafín Agostini presidían la mesa del prescinto 27 del pueblo de Añasco, con objeto de hacer las inscripciones para las elecciones generales que debían tener lugar en esta Isla el día 4 de Noviembre del propio año, y en dicho día se presentó ante ellos, con objeto de inscribirse, el individuo Monserrate Colón, quien hacía más de seis meses vivía en un barrio de dicho término Municipal, á quien los Jueces Isaac Padró y Felipe Reyes, que son los acusados en esta causa, se negaron á inscribir, y habiéndose retirado el expresado Monserrate Colón, regresó más luego presentando ante dichos señores, una declaración jurada ante Notario, en que hacía constar que tenía derecho

THE PEOPLE *i*. PADRÓ ET AL.

APPEAL from the District Court of Mayagüez.

No. 18.—Decided June 27, 1903.

STATEMENT OF THE CASE.

It was proven at the trial, according to the judment, that on October 15, of last year, Isaac Padró, Felipe Reyes and Serafín Agostini were acting as judges at precinct 27 of the town of Añasco for the purpose of making the registration for the general election that was to be held in this Island on November 4, of that year; on said day a certain Monserrate Colón, who had been residing in one of the *barrios* of said municipal district for over six months, appeared before them for the purpose of having his name registered, but the judges Isaac Padró and Felipe Reyes, the defendants in this case, refused to register aforesaid Monserrate Colón, who returned later and filed an affidavit wherein it was declared that he had a right to be registered as a duly qualified voter, because he could read and write. Notwithstanding this, he was again refused registration, for which reason Monserrate

á ser inscrito como elector debidamente capacitado por saber leer y escribir; y á pesar de ello, nuevamente le fué negada la inscripción, no habiendo, por tal motivo, podido dar su voto Monserrate Colón el día 4 de Noviembre del citado año.

*Resultando:* que después de consignar esos hechos la sentencia y de tener presente el artículo 161 del Código Penal vigente, y la recomendación sobre benignidad del Jurado, en 27 de Abril último se condena á Isaac Padró y Felipe Reyes, á cien dollars de multa á cada uno y al pago de las costas procesales por mitad, y en defecto del pago, á sufrir la reclusión correspondiente en el Presidio Departamental de esta Isla.

*Resultando:* que contra esa sentencia se interpuso recurso de apelación y, teniendo el escrito por presentado en tiempo, se cumplió con el artículo 356 del Código de Enjuiciamiento Criminal, elevando á esta Corte Suprema las diez copias de los autos á que dicha disposición se refiere.

*Resultando:* que en esta Superioridad se personó el Letrado Don Manuel F. Rossy, á nombre de los apelantes, y no habiendo formalizado la apelación, á pesar del término que para ello se le concedió, se dió vista al Fiscal, quien impugnó el recurso alegando que según el artículo 345 no cabía el recurso de apelación y aunque pudiera interponerse, debía declararse sin lugar, porque la sentencia es justa, puesto que el hecho que fué objeto de la acusación constituye á todas luces un delito electoral, y de él son autores los acusados.

*Resultando:* que el 24 de Junio último se verificó la vista pública, con informe oral del defensor de los acusados, en pró del recurso, é impugnación por parte del Fiscal, en nombre del Pueblo de Puerto Rico.

Abogado del apelante: *Sr. Rossy* (Manuel F.)

Abogado del apelado: *Sr. del Toro,* Fiscal.

EL JUEZ ASOCIADO SR. FIGUERAS, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal.

*Considerando:* que habiéndose impuesto en la sentencia

Colón was prevented from casting his vote on November 4, of said year.

After reciting these facts and taking into consideration section 161 of the Penal Code in force, and the jury's recommendation of leniency, judgment was delivered on April 27 last, condemning Isaac Padró and Felipe Reyes to pay a fine of one hundred dollars each, the costs of the proceedings to be borne equally by them, and in default thereof to be confined in the penitentiary of the Island for the corresponding term.

From this judgment an appeal was taken, and the notice of appeal having been entered as filed in due time, section 356 of the Code of Criminal Procedure was complied with, the ten copies of the record referred to therein being forwarded to this Supreme Court.

Manuel F. Rossy, Esq., appeared before this Court on behalf of the appellants, and having failed to perfect the appeal notwithstanding the time allowed him for the purpose, the record was submitted to the *Fiscal* who contested the appeal, alleging that according to section 345 the appeal did not lie, and even if it did, it should be dismissed because the judgment was just, inasmuch as the act upon which the accusation is based, clearly constitutes a crime against the election laws, and said crime was committed by the defendants.

On the 24th of June last, the hearing was had, when counsel for defendants argued in favor of the appeal and the *Fiscal*, on behalf of The People of Porto Rico, in opposition thereto.

recurrida pena de presidio, aunque haya sido de modo subsidiario, hay que considerar el delito perseguido como muy grave (*felony*) y en este caso puede interponerse recurso de apelación, cuando ésta verse sobre una cuestión de derecho, según el artículo 345 del Código de Enjuiciamiento Criminal.

*Considerando:* que no consta que los acusados negaran la inscripción por motivo legal que les pusiera á cubierto de toda responsabilidad y en tales condiciones hay que aceptar la justicia del veredicto y de la sentencia condenatoria.

Vistos los artículos 161 del Código Penal y 345, 367 y 368 del Código de Enjuiciamiento Criminal. *Fallamos:* que debemos confirmar y confirmamos la sentencia apelada y que se dictó por la Corte de Mayagüez en 27 de Abril último, con las costas del recurso por mitad á los apelantes, pero entendiéndose que la reclusión, por defecto del pago de la multa, deben sufrirla los reos en la Cárcel de Mayagüez, y no en el Presidio como se ordena en la sentencia recurrida; cúmplase la sentencia original, tómese nota de ésta que hoy se dicta en el libro de actas, y remítase copia certificada de dicha anotación al Secretario de la Corte de Mayagüez.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.